

U.S. Department of Justice
**Karin J. Immergut**
*United States Attorney*
*District of Oregon*
*1000 S.W. Third Avenue, Suite 600*                    *Office: (503)727-1000*
Portland, OR  97204-2902                                    *Fax: (503) 727-1105*

January 17, 2006

James F. Halley
Attorney at Law
735 SW First Ave., Second Floor
Portland, OR  97204

      Re:    <u>United States v. Jason Merrigan aka Yassin Abdurahman, CR 05-376-MO</u>
               Plea Agreement

Dear Counsel:

1.    **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.   This agreement does not apply to any other charges other than those specifically mentioned herein.

2.    **Charges**: Defendant agrees to plead guilty to Count  One of the Indictment, which charges the crime of Prohibited Person in Possession of a Firearm in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

3.    **Penalties**:  The maximum sentence is 10 years imprisonment, a fine of $250,000, 3 years of supervised release, and a $100 fee assessment.  Defendant agrees to pay the $100 fee assessment by the time of entry of guilty plea or explain to the court why this cannot be done.

4.    **Sentencing Factors**: The parties agree that pursuant to <u>United States v. Booker</u>, 125 S.Ct. 738 (2005), the court must determine an advisory sentencing guideline range pursuant to the United States Sentencing Guidelines (USSG).   The court will then determine a reasonable sentence within the statutory range after considering the advisory sentencing guideline range and the factors listed in 18 U.S.C. § 3553(a).

5.    **Relevant Conduct**   The parties agree that defendant's relevant conduct pursuant to USSG §§ 1B1.3 and 2K2.1 may include the weapons and ammunition seized by law enforcement authorities from 4631 SW Luradel St., Apt. #21, Portland, OR, pursuant to search warrant on or about September 22, 2005, without the necessity of including those weapons in a superceding indictment.  Defendant may oppose the inclusion of such weapons and ammunition in the calculation of relevant conduct on any other grounds.

6.    **Acceptance of Responsibility**: Defendant must demonstrate to the court that he fully admits and fully accepts responsibility under USSG 3E1.1 for his/her unlawful conduct in this case. If defendant does so, the USAO will recommend a three (3) level reduction in defendant's offense level (two levels if

James F. Halley
Re:    Merrigan Plea Letter
Page 2

defendant's offense level is less than 16). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any new or additional criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

7.    **Abandonment of Firearm(s)/Property**: By signing this agreement, defendant hereby voluntarily abandons all right, title and interest to (and to the extent not previously provided, waives timely notice of the intent to forfeit) the following firearm(s) or other property:
    (a.)    one SAIGA Russian rifle, 7.62x39 caliber, serial number H04102389;
    (b.)    one SA Cugir Romarm rifle, WASR-10, 7.62x39 caliber, serial number 1-50193-03;
    (c.)    one Hi-Point pistol, model JHP, .45 caliber, serial number X422464;
    (d.)    one Glock pistol, model 23, .40 caliber, serial number CFX986US;
    (e.)    one shotgun, 12 gauge, unknown manufacturer, no visible serial number (seized by Multnomah Co. Sheriff's deputies on or about May 28, 2005, during investigation leading to this prosecution);
    (f.)    one Hi-Point 9 mm rifle, model 995, serial number B68832;
    (g.)    one Mossberg 12 gauge shotgun, model 500A, serial number R485855;
    (h.)    one Lee Enfield rifle, .303 caliber, serial number M4837;
    (i.)    Model 59166 rifle, 7.62x39 caliber, serial number 4817N551953;
    (j.)    assorted firearms parts and ammunition seized by Multnomah Co. Sheriff's deputies on or about May 28, 2005, or by ATF agents on or about September 22, 2005, during service of search warrant at 4631 SW Luradel St., Apt. #21, Portland, OR, in investigation leading to this prosecution.

8.    **Sentencing Recommendations and Departures**: The USAO agrees to seek a sentence within the advisory sentencing guideline range and further agrees not to seek any USSG Chapter 5K upward departures from the advisory sentencing guideline range. The USAO will not seek the sentencing enhancements embodied in USSG 2K2.1(b) which are applicable to firearms described in 18 U.S.C. § 921(a)(30) (assault weapons) and/or 26 U.S.C. § 5845(a) (machine guns). Defendant may seek any sentence he believes is appropriate, except that defendant will not seek the guidelines sentencing reduction embodied in USSG § 2K2.1(b)(2).

9.    **Waiver of Appeal/Post-Conviction Relief**: Defendant waives the right to appeal from any aspect of the conviction and sentence on any grounds unless (1) the sentence imposed exceeds the statutory maximum or (2) the court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapter 5K or (3) the court exercises its discretion under 18 U.S.C. § 3553 (a) to impose a sentence which exceeds the advisory guideline sentencing range. Should defendant seek an appeal, despite this waiver of that right, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel.

10.    **Court Not Bound**: The court is not bound by the recommendations of the parties or of the Presentence Report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal

James F. Halley
Re:    Merrigan Plea Letter
Page 3

Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the court does not follow the agreements or recommendations herein.

11.    **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

12.    **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

13.    **Total Agreement**: This letter states the full extent of the agreement between the parties. There are no other promises or agreements, express or implied. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

14.    **Deadline**: This plea offer expires if not accepted by Friday January 27, 2006 at 5 p.m.

Sincerely,

KARIN J. IMMERGUT
United States Attorney

DAVID L. ATKINSON
Assistant U.S. Attorney


    I hereby freely and voluntarily accept the terms and conditions of this plea offer, after first reviewing and discussing every part of it with my attorney. I am satisfied with the legal assistance provided to me by my attorney. I wish to plead guilty because, in fact, I am guilty.

2\16\06
Date                                                            Defendant


    I represent defendant as legal counsel. I have carefully reviewed and discussed every part of this agreement with defendant. To my knowledge defendant's decisions to enter into this agreement and to


James F. Halley
Re:    Merrigan Plea Letter
Page 4

plead guilty are informed and voluntary ones.

__2/16/06__  
Date

__[signature]__  
Attorney for Defendant